Filed 1/5/15  P. v. Castro CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>EDWARD CASTRO,<br><br>        Defendant and Appellant. | F066829<br><br>(Super. Ct. Nos. F11904929, F12601102, F12903015, F12903130, F12904523 & F12904197)<br><br>**OPINION** |

-ooOoo-

<u>**THE COURT**</u><sup>*</sup>

        APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

        Joshua G. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

        Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

        <sup>*</sup> Before Gomes, Acting P.J., Poochigian, J. and Franson, J.

## INTRODUCTION

Appellant/defendant Edward Castro entered pleas to a series of charges based on his possession of stolen property and metal theft. He was sentenced to an aggregate term of three years. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTUAL AND PROCEDURAL HISTORY

**Case No. F011904929**

On August 1, 2011, Alice M. contacted the Fresno County Sheriff's Department, said a truck was parked in her driveway, and she did not know who it belonged to. A deputy checked the license plate number and determined the truck was registered to Betty V. Luis Quezada and defendant, Alice M.'s nephews, were next to the truck when the deputy arrived. They both claimed ownership of the truck.

The deputy determined the truck's steering column was damaged, the battery and part of the radiator were missing, and engine parts were spread on the ground. The deputy believed the truck had been stolen and placed defendant and Quezada in the back of his patrol car. He contacted Betty V., who said the truck had been parked at her ranch the previous day, and it was still supposed to be there.

The deputy arrested defendant and Quezada for possession of the stolen truck. After being advised of the *Miranda*[1] warnings, defendant said John Ramirez gave him the truck because he owed money to defendant. Ramirez told him to pick up the truck at Butler and McCall Avenues, where it was parked. Defendant said that around 5:30 a.m., defendant and Quezada picked up the truck from the side of the road. The steering column was already damaged. They towed the truck to their aunt's house. Defendant denied damaging the truck.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436

2.

Quezada confirmed he picked up the truck with defendant. They could not start the truck, and defendant broke the steering column. Quezada insisted he did not know the truck was stolen. However, Quezada thought it was strange they picked up the truck in the manner they did.

### *The Charges*

Defendant was charged with count I, unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)) and count II, receiving stolen property (§ 496d, subd. (a)). He pleaded no contest to count I, and count II was dismissed.

## Case No. F12601102

On March 13, 2012, a Sanger police officer noticed a truck was blocking the entrance to the alley of Greenwood Avenue. Defendant was strapping down two large rolls of chain link fence to the truck's bed. The officer recognized defendant and told him that he was blocking the alley. Defendant replied the police were harassing him, and he was not blocking the road.

The officer noticed cut parts from different vehicles were in the truck's bed, including a door and trunk lid. Defendant said he got the parts from a friend. The officer obtained VINs from the door and trunk lid, and they were linked to vehicles that had been stolen in Merced.

Defendant's truck was adjacent to a residential backyard that was full of trash. Another officer contacted the homeowner and obtained permission to search the yard. He found a license plate that belonged to a Nissan truck stolen in Fresno and other stolen vehicle parts.

Defendant was arrested and found in possession of a small bindle containing 0.199 grams of cocaine in his pocket.

3.

### *The Charges*

Defendant was charged with count I, receiving stolen property; and count II, possession of cocaine (Health & Saf. Code, § 11350, subd. (a)). He pleaded no contest to count I, and count II was dismissed.

## Case No. F12903015

Just after midnight on April 3, 2012, deputies responded to a report of a suspicious vehicle at Demerjian Trucking on East American Avenue. A witness reported that a trailer was parked on his property without permission. The trailer was still there, and deputies found stolen metal on the trailer. Leon Tirapelle, the owner of the trucking company, identified the metal on the trailer as property that had been stolen from his yard, worth approximately $2000. The property had been stolen after someone cut open his fence and removed irrigation valves, a truck transmission, and other metal items.

Around 3:27 a.m., defendant and Dustin Fuentes arrived at the yard and attempted to connect the trailer to their vehicle. They were met by deputies, and they admitted they had stolen the metal. Defendant claimed Fuentes told him what to do. Fuentes said he just came along to help defendant unload the trailer. Both men were arrested.

### *The Charges*

Defendant was charged with count I and IV, grand theft of personal property (Pen. Code, § 487, subd. (a)); counts II and V, second degree burglary (Pen. Code, §§ 459, 460, subd. (b)); and counts III and VI, receiving stolen property (Pen. Code, § 496, subd. (a)).

He pleaded no contest to count I, and counts II and III were dismissed.

## Case No. F12903130

Around noon on April 14, 2012, deputies responded to a residence on South DeWolf Avenue regarding a metal theft in progress. A witness reported two men entered an unlocked and unoccupied house that she owned. They stole two sinks, electrical wire, and a swing set, and loaded the items onto a truck. The witness confronted the men, later identified as defendant and Dustin Fuentes, and told them that they did not have

4.

permission to remove anything from the property. They said they were just getting scrap metal, and it wouldn't happen again. They drove away, but she obtained the vehicle's license plate number.

The deputies responded to defendant's house. Defendant and Fuentes were standing next to the truck, and it contained the stolen metal items. Fuentes claimed defendant placed the stolen property in the truck and admitted they were confronted by the property owner. Defendant said they just picked up some junk metal from a junk pile. They were arrested and booked into jail.

### *The Charges*

Defendant was charged with counts I and II, receiving stolen property; and counts III and IV, second degree burglary of a structure. He pleaded no contest to count I, and the remaining counts were dismissed.

## Case No. F12904523

On April 12, 2012, a deputy was driving an unmarked car and saw defendant driving a truck and a trailer on Jensen Avenue. The deputy knew defendant's driver's license was suspended and conducted a traffic stop. Defendant pulled over, and the deputy confirmed defendant's license was suspended. Defendant asked him not to tow the truck and said he just bought the trailer for $150 from someone named Katrina. The deputy had the vehicle and trailer towed.

The deputy determined the trailer was registered to Bruce H., who said it had been parked on Trimmer Springs Road. He did not know defendant, and he did not have permission to take it.

On May 22, 2012, the same deputy saw defendant riding in a red Ford pickup truck. He pulled over the vehicle and arrested defendant for possession of the stolen trailer. Defendant said he found the trailer at a tow yard but also said he bought it.

### *The Charges*

Defendant was charged with count I, unlawfully taking a vehicle (Veh.Code, § 10851, subd. (a)); count II, receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)); count III, driving on a suspended license (Veh. Code, § 14601.1); and count IV, having an unregistered motor vehicle (Veh. Code, § 4000, subd. (a)(1)).  (SCT 8)  He pleaded no contest to count I, and the remaining charges were dismissed.

## Case No. F12904197

On May 16, 2012, a detective responded to Levi's Iron and Metal about a metal theft.  He told the employee to call him immediately if defendant arrived at the business because defendant was known as a "scrapper/recycler" and had outstanding warrants for metal theft.

On May 18, 2012, defendant appeared at the business.  The employee was unable to reach the detective, so she called 911.  The employee reported defendant was unloading metal items into the yard, including a light bucket which was from a skip loader, 13 rolls of new galvanized heavy wire commonly used in vineyards, tractor discs, miscellaneous small pipes and other pieces of metal, two pieces cut out from railroad tracks, 13 railroad tie plates, and 40 to 50 railroad anchors.  Defendant was unloading the items with Cesar Quezada.  A deputy arrived and arrested both men on outstanding warrants.

On May 22, 2012, a special agent with the BNSF railroad police reviewed photographs of the metal items that defendant unloaded at the yard.  The agent believed they had been stolen from a storage yard in Hanford.

### *The Charges*

Defendant was charged with receiving stolen property (Pen. Code, § 496, subd. (a)).  He pleaded no contest.

6.

**Sentencing**

On December 3, 2012, defendant entered pleas in all the above cases pursuant to a negotiated disposition.

On January 18, 2013, the court held the sentencing hearing for all cases. It designated the sentence for case No. F011904929 as the principal term, denied probation, and sentenced defendant to the upper term of three years in jail, pursuant to the terms of the negotiated disposition. As to all remaining counts, the court imposed concurrent midterms of two years in jail.

On March 6, 2013, defendant filed a timely notice of appeal. The court denied defendant's request for a certificate of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on November 20, 2013, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

7.